LIZZIE E. MCNERNEY *vs*. INHABITANTS OF EAST LIVERMORE.

Androscoggin. Opinion April 21, 1891.

*Way. Damages. Verdict. New Trial.*

The powers of the court to set aside verdicts against towns, in actions for damages occasioned by defective highways, and its duty to do so when the verdicts are clearly wrong, or the damages are clearly excessive, are unquestionable.

But it is a well-settled rule of law that this power is not to be exercised simply because the court would have decided differently from the jury. To authorize an exercise of the power, the court must feel that the verdict is clearly and unmistakably wrong.

ON MOTION.

This was an action on the case brought by the plaintiff to recover for personal injuries, both external and internal, which she received in the evening of the sixth of September, 1889, by reason of an alleged defective sidewalk in the village of Livermore Falls, in the defendant town.

The plaintiff gave the following statute notice :

"To the Municipal Officers of East Livermore, in the County of Androscoggin :

"You are hereby notified that I claim damages for bodily injuries received by me, by reason of a defective sidewalk or crossing on Depot street, in Livermore Falls Village, in the evening of the 6th day of September, A. D. 1889. The nature of the injury which I received was a bruise upon my right leg and knee, a wrench of the same, and an injury to my back.

"The nature and location of the defect was a settling and displacement of the sidewalk over the causeway or near the end of the causeway opposite the Ezra Hilton block, and in passing over the same without previous notice of the defective condition, I stepped between the end of the crossing and the sidewalk, and received the injuries above described.

"Amount of damages claimed $2000.

"Dated this 14th day of September, A. D., 1889, at Livermore Falls.

MRS. LIZZIE McNERNEY."

The plaintiff's declaration alleged the defect, &c., as follows : "That the said sidewalk by reason of its rotten and defective condition which caused a settling and displacement of the planking or walk over the causeway, or near the end of the causeway, leaving an opening at, or near, the end of said causeway covering without any sufficient railing or notice thereof," . . . that "passing along said sidewalk, on foot, she stepped into, and through, said opening between the sidewalk and the stone of the causeway aforesaid, occasioned by the defective condition of said sidewalk, (and not by any snow or ice, or slippery condition of said walk) and thereby was thrown down," &c.

The plaintiff and her witnesses testified that the defect complained of was that substantially set out in the written notice

and declaration; a settling or displacement of the timbers of the sidewalk on Depot street, in said village, at or near the end of the stone crossing, leaving a hole or opening between the end of the crossing and the sidewalk; that she stepped into the opening and was thrown down, severely bruising her leg, spraining her knee and injuring her hip and spine so that she was prostrated, confined to her bed, and remained so ever since.

The plaintiff claimed that the town had twenty-four hours' actual notice of the defect by the testimony of one Severy, who testified that he called the attention of the road commissioner, who passed over it almost daily, to this piece of the sidewalk. Severy testified: "I told him I thought it was very bad, in a dangerous condition, and ought to be fixed, and he says, 'I am going to fix that. Let this go until after haying and we will fix it up.'" She also claimed that its exact condition as alleged by her was known to the road commissioner and one of the selectmen who made temporary repairs upon the sidewalk during the season of 1889.

The defect was denied by the defendants who also contended that the proper officers did not have actual notice of the defect; that the defect was not the sole cause of plaintiff's injuries; that her condition was due to causes other than the result of any injury, and were greatly magnified; and that she did not exercise due care and was guilty of contributory negligence by stepping off the sidewalk.

Upon the issue of due care, the testimony for the plaintiff tended to show that she was going home from the depot grounds between the hours of nine and ten o'clock in the evening, at an ordinary pace, over the usual way of the travel. Immediately in front of her, behind her, and on one side of her were several others walking over the same crossing and upon the same sidewalk. There were no guards, and no lights from adjacent buildings. She did not see the hole, although she was over the sidewalk the day of the injury. Much evidence was introduced upon the issues between parties.

The view taken by the court renders a report of it unnecessary. The jury returned a verdict of one thousand dollars for the plaintiff.

. *E. O. Greenleaf*, *C. Knapp* with him, for defendants.

Counsel cited : *Smyth* v. *Bangor*, 72 Maine, 249 ; *Holmes* v. *Paris*, 75 *Id*. 559 ; *Brooks* v. *Somerville*, 106 Mass. 271 ; *Davis* v. *Bangor*, 42 Maine, 522 ; *Garmon* v. *Bangor*, 38 *Id*. 443 ; *Spaulding* v. *Winslow*, 74 *Id*. 528, and cases cited.

*J. P. Swasey*, *E. M. Briggs* with him, for plaintiff.

Counsel cited : *Weeks* v. *Parsonfield*, 65 Maine, 285 ; *Morse* v. *Belfast*, 77 *Id*. 44 ; *Monies* v. *Lynn*, 119 Mass. 273 ; *Welch* v. *Portland*, 77 Maine, 384 ; *George* v. *Haverhill*, 110 Mass. 506 ; *Haskell* v. *New Gloucester*, 70 Maine, 305 ; *Hunter* v. *Heath*, 67 *Id*. 507 ; *Smith* v. *Brunswick*, 80 *Id*. 189.

WALTON, J.    As the plaintiff was walking along one of the public streets at Livermore Falls, she stepped into a hole between the sidewalk and the carriage-way, and received injuries for which she has recovered a verdict of one thousand dollars against the town.    The case is before the law court on a motion for a new trial, filed by the town, on the ground that the verdict is clearly against the weight of evidence and the damages manifestly excessive.

We have examined the evidence with care, and while we have a strong feeling that the plaintiff may have been guilty of contributory negligence, and that the injuries received by her are by no means so severe as she claims them to be, still, we do not think the verdict is so clearly wrong, or the damages so clearly excessive, as to require the court to set the verdict aside and grant a new trial.

The power of the court to set aside verdicts in this class of cases, and its duty to do so when the verdicts are clearly wrong, or the damages are clearly excessive, are unquestionable.

But it is a well settled rule of law that this power is not to be exercised simply because the court would have decided the case differently.    To authorize an exercise of the power, the court must feel that the verdict is clearly and unmistakably wrong.                                        *Motion overruled.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.